Robert Amador, Esq. (State Bar #269168)
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA 93004
(888)308-1119 ext. 11
(888) 535-8267 fax
R.Amador@centenniallawoffices.com

Attorney for Plaintiff
MARK LATHAN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK LATHAN,<br><br>            Plaintiff,<br>v.<br><br>DEFINITIVE CONSULTING SERVICES LLC;<br>JUSTIN LAURER;<br>JONATHAN MATHIS; and DOE 1-5<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS (15 U.S.C. 1692 et seq.)**<br><br>**DEMAND FOR JURY TRIAL** |

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. This District is of proper venue as Defendants are residents within this District and engaged in the actions alleged herein against Plaintiff while so resided.

## PARTIES

3. Plaintiff, MARK LATHAN (hereinafter "Plaintiff" or "Mr. Lathan"), is a natural person residing in Cheyenne, Wyoming. Defendant, DEFINITIVE CONSULTING SERVICES LLC, is a limited liability company believed to maintain its principle place of business at 28323 Spring Creek Way in Menifee, CA. JUSTIN LAURER is the managing member of DEFINITIVE CONSULTING SERVICES LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein. JONATHAN MATHIS is a member or otherwise employee of DEFINITIVE CONSULTING SERVICES LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.

Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5.   DEFINITIVE CONSULTING SERVICES LLC, JUSTIN LAURER, JONATHAN MATHIS, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6.   Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7.   On July 29, 2015, Defendants began contacting Mr. Lathan in an attempt to collect a consumer debt.

8.   On July 29, 2015, Defendants called Mr. Lathan and threatened him with an "arrest warrant" for failing to pay an alleged debt. Defendants misrepresented themselves as process servers and claimed to have a "summons and a warrant." When Mr. Lathan asked Defendants whose name was on the summons and warrant, Defendants stated that they could not provide that information. Defendants failed to identify themselves as debt collectors and failed to identify the name of their company.

9. Concerned by Defendants' threats, Mr. Lathan retained counsel with Centennial Law Offices.

10. On August 7, 2015, staff from Centennial Law Offices contacted Defendants using the same phone number that appeared on Mr. Lathan's caller-ID from Defendants' call of July 29, 2015. Defendants were advised that Mr. Lathan was represented by counsel and said counsel's contact information was provided. It was determined that Defendants were calling Mr. Lathan in an erroneous attempt to reach Adrian Harris, a person unknown to Mr. Lathan.

11. On September 4, 2015, Defendants called Mr. Lathan, identified themselves as "federal agents" and threatened to served him with "legal papers." When Mr. Lathan protested and advised Defendants that they were violating the FDCPA, Defendants said "fuck you" and hung up. Mr. Lathan called the number appearing on his caller-ID and reached Definitive Consulting, LLC. A female employee or agent, whom Mr. Lathan had not previously spoken, answered the call. Mr. Lathan advised her that his number was being dialed in error and to stop calling. The woman assured Mr. Lathan that his number would be removed and that he would not receive any further calls.

12. On September 10, 2015, Defendants once again called Mr. Lathan and threatened to serve "documents." Defendants did not mention that they were debt collectors or provide their company name. However, Defendants did provide the

same phone number that they had previously used to call Mr. Lathan and for which Centennial Law Offices staff had used to contact Defendants.

13. A thorough check of public records revealed no litigation against Mr. Lathan for which Defendants could have served him with any legal process at any time between July 1, 2015 and July 1, 2016. Defendants had no legal process for which to serve Mr. Lathan with during this time frame.

14. As a direct result of the collection activity herein alleged, Mr. Lathan incurred legal fees of $2,255.00.

## CAUSES OF ACTION

### COUNT I

15. Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein. Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692c(a)(2) by continuing to contact Plaintiff despite having actual knowledge that Plaintiff was represented by counsel and the means to contact Plaintiff's counsel.

### COUNT II

16.     Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) and 1692e(11) by failing to disclose in communications to Plaintiff Defendants' company name, that the communications were from a debt collector, and that the communications were in an attempt to collect a debt.

## COUNT III

17.     Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

## COUNT IV

18.     Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692e

by using various false, deceptive, and/or misleading representations in connection with the collection of a debt.

## COUNT V

19.     Plaintiff re-alleges paragraphs 1 through 14, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants violated 15 U.S.C. 1692b(3) by continuing to contact Plaintiff without his consent after being advised that they were calling Plaintiff's number in error and to stop calling.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

   1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

   2.) For $2,255.00 for legal costs incurred in responding to unlawful collection activity;

   3.) For prejudgment interest in an amount to be proved at time of trial;

   4.) For attorney's fees pursuant to 15 U.S.C. 1692(k) and Cal. Civ. Code § 1788.30(c);

5.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## **JURY DEMAND**

Plaintiff demands a jury trial.

Date: July 28, 2016          s/Robert Amador_____
                             ROBERT AMADOR, ESQ.
                             Attorney for Plaintiff Mark Lathan