Donald J. Hensel, Esq. (State Bar #110670)
BARTELL & HENSEL
5053 La Mart Drive, Suite 201
Riverside, CA 92507
Ph. (951) 788-2230
Fax (951) 788-9162
Djh7856@aol.com

Attorney for Defendant,
DEFINITIVE CONSULTING SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK LATHAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DEFINITIVE CONSULTING SERVICES LLC;<br>JUSTIN LAURER;<br>JONATHAN MATHIS; and<br>DOE 1-5,<br>　　　　Defendants. | Case No.: ED CV 16-1651 MWF (SKx)<br><br>ANSWER OF DEFENDANT, DEFINITIVE CONSULTING SERVICES LLC, TO COMPLAINT OF PLAINTIFF, MARK LATHAN, FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS (15 U.S.C. 1692 et seq.) AND DEMAND FOR JURY TRIAL |

　　　Defendant, DEFINITIVE CONSULTING SERVICES LLC, answers the complaint of Plaintiff, MARK LATHAN, in the above-entitled action as follows:

　　　1.　　Defendant, DEFINITIVE CONSULTING SERVICES LLC, admits that the Complaint alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

　　　///

1

Allegations Related to Jurisdiction and Venue

2. Defendant, DEFINITIVE CONSULTING SERVICES LLC, admits that the Complaint is seeking to have the Court exercise jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367 and that this District is proper Venue as Defendant, DEFINITIVE CONSULTING SERVICES LLC, does business and headquartered within this District and the Complaint alleges that Defendant engaged in the actions within this District allegedly against Plaintiff while doing business and being headquartered in this District.

Parties

3. In answering paragraph 3 of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies having sufficient knowledge or information to form a belief as to Plaintiff, MARK LATHAN, residing in Cheyenne, Wyoming. Further, in answering paragraph 3 of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, admits that it is managed by Defendant, JUSTIN LAURER, and that it is a limited liability company with its principal place of business at 28323 Spring Creek Way, in Menifee, California. In addition, Defendant, DEFINITIVE CONSULTING SERVICES LLC, admits that Defendant, DEFINITIVE CONSULTING SERVICES LLC, is a debt collector company and that Defendant, JUSTIN LAURER, is responsible for managing and operation of this company, including, but not limited to, any conduct alleged in Plaintiff's Complaint herein. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies that JONATHAN MATHIS is a member or otherwise employee of Defendant, DEFINITIVE CONSULTING SERVICES LLC, a debt collector. Defendant, DEFINITIVE CONSULTING SERVICES LLC, specifically admits that JONATHAN MATHIS is an alias utilized by representatives of Defendant, DEFINITIVE CONSULTING SERVICES LLC, as they exercise their duties in collecting debts on behalf of Defendant, DEFINITIVE CONSULTING SERVICES LLC, in order that the employees of said Defendant, DEFINITIVE CONSULTING SERVICES LLC, are protected in their jobs from retaliation or other harm in the course and scope of their duties. In regards to the allegations

pertaining to Defendants sued herein as DOE 1-5, Defendant, DEFINITIVE CONSULTING SERVICES LLC, lacks sufficient information or belief and on said basis, denies the allegations of this paragraph pertaining to said DOE Defendants. Except as specifically admitted or alleged herein, Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies the allegations of paragraph 3 of the Complaint.

5. There does not appear to be a paragraph 4 contained in the Complaint of Plaintiff filed herein. In answering paragraph 5 of this Complaint, Defendant admits that Plaintiff wishes to refer to the Defendants in this case as "Defendants."

6. Defendant, DEFINITIVE CONSULTING SERVICES LLC, admits that Defendant, JUSTIN LAURER, and Defendant, DEFINITIVE CONSULTING SERVICES LLC, regularly operate as third-party debt collectors in this matter. Furthermore, Defendant, DEFINITIVE CONSULTING SERVICES LLC, alleges that the law contained at 15 U.S.C. 1692a, is what it is and specifically speaks for itself.

<u>Factual Allegations</u>

7. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 7 of the Complaint. Furthermore, Defendant, DEFINITIVE CONSULTING SERVICES LLC, specifically alleges that according to the records of Defendant, DEFINITIVE CONSULTING SERVICES LLC, that there is no documentation indicating that representatives of Defendant, DEFINITIVE CONSULTING SERVICES LLC, ever contacted Plaintiff in this matter.

8. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 8 of the Complaint. Furthermore, Defendant, DEFINITIVE CONSULTING SERVICES LLC, specifically alleges that according to the records of Defendant, DEFINITIVE CONSULTING SERVICES LLC, that there is no documentation indicating that representatives of Defendant, DEFINITIVE CONSULTING SERVICES LLC, ever contacted Plaintiff in this matter.

9. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies having sufficient knowledge or information to form a belief as to the allegations contained in

paragraph 9 of the Complaint.

10. Defendant, DEFINITIVE CONSULTING SERVICES LLC, admits that the staff of Centennial Law Offices may have contacted the offices of Defendant, DEFINITIVE CONSULTING SERVICES LLC, in this matter but except as specifically admitted herein, Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies the allegations of paragraph 10 of the Complaint.

11. In answering paragraph 11 of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies the allegations of paragraph 11 of the Complaint.

12. In answering paragraph 12 of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies the allegations of paragraph 12 of the Complaint.

13. In answering paragraphs 13 and 14 of the Complaint Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies having sufficient knowledge or information to form a belief as to the allegations contained in paragraphs 13 and 14 of the Complaint.

## Causes of Action

### COUNT I

14. In answering paragraphs 1 through 14, inclusive, of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, repeats and repleads herein his responses by reference to paragraphs 1 through 14 of the Complaint as though fully set forth herein. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 15 of the Complaint.

### COUNT II

15. In answering paragraphs 1 through 14, inclusive, of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, repeats and repleads herein his responses by reference to paragraphs 1 through 14 of the Complaint as though fully set forth herein. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 16 of the Complaint.

///

## COUNT III

16. In answering paragraphs 1 through 14, inclusive, of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, repeats and repleads herein his responses by reference to paragraphs 1 through 14 of the Complaint as though fully set forth herein. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 17 of the Complaint.

## COUNT IV

17. In answering paragraphs 1 through 14, inclusive, of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, repeats and repleads herein his responses by reference to paragraphs 1 through 14 of the Complaint as though fully set forth herein. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 18 of the Complaint.

## COUNT V

18. In answering paragraphs 1 through 14, inclusive, of the Complaint, Defendant, DEFINITIVE CONSULTING SERVICES LLC, repeats and repleads herein his responses by reference to paragraphs 1 through 14 of the Complaint as though fully set forth herein. Defendant, DEFINITIVE CONSULTING SERVICES LLC, denies each and every allegation of paragraph 19 of the Complaint.

## First Affirmative Defense

(Failure to State a Claim Upon Which Relief May Be Granted)

1. As a first affirmative defense, Defendant, DEFINITIVE CONSULTING SERVICES LLC, asserts that the Complaint of Plaintiff, and each claim contained therein, fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

(Lack of Subject Matter Jurisdiction)

2. As a second affirmative defense, Defendant, DEFINITIVE CONSULTING SERVICES LLC, asserts that this Court lacks subject matter jurisdiction of this action.

///

WHEREFORE, Defendant, DEFINITIVE CONSULTING SERVICES LLC, prays for judgment as follows:

1. That Plaintiff, MARK LATHAN, take nothing by reason of his Complaint, and that judgment be entered in favor of said Defendant;

2. That Defendant, DEFINITIVE CONSULTING SERVICES LLC, be awarded its reasonable attorney's fees;

3. That Defendant, DEFINITIVE CONSULTING SERVICES LLC, be awarded its costs of suit incurred in the defense of this action; and

4. For such other relief as the Court deems just and proper.

BARTELL & HENSEL

Dated: September 28, 2016          By:     _____/s/_____
                                           Donald J. Hensel, Esq.
                                           (State Bar #110670)
                                           Attorneys for Defendant,
                                           DEFINITIVE CONSULTING
                                           SERVICES LLC

<u>Demand for Jury Trial</u>

Please take notice that Defendant, DEFINITIVE CONSULTING SERVICES LLC, hereby demands a trial by jury in this action.

                                                      BARTELL & HENSEL

Dated: September 28, 2016           By:    _____/s/_____
                                                                  Donald J. Hensel, Esq.
                                                                  (State Bar #110670)
                                                                  Attorneys for Defendant,
                                                                  DEFINITIVE CONSULTING SERVICES LLC

ANSWER